### EUSEBIO SARAGOSA v. THE STATE.

No. 1813. Decided June 1, 1898.

Motion for Rehearing Decided December 14, 1898.

**1. Record on Appeal—Practice on Appeal.**

Where a record on appeal in a criminal case contains neither the indictment, charge of the court, nor statement of facts, the judgment will be reversed and prosecution dismissed.

**2. Same.**

An indictment is absolutely essential to the validity of a prosecution for felony, and the transcript on appeal must contain it. If the indictment or charge of court has been lost or mislaid, an application to continue on appeal, pending an action to substitute in the trial court, will be granted.

ON MOTION FOR REHEARING.

**3. Same.**

Where a continuance to substitute a lost indictment and charge of the court has been granted on appeal, and the same have been found and incorporated in a new transcript, a rehearing will be granted and the previous judgment of dismissal set aside.

**4. Bill of Exceptions in Absence of a Statement of Facts.**

In the absence of a statement of facts, a bill of exceptions to admitted evidence must set out a sufficiency of the testimony to show its full bearing and effect upon the matter complained of. Simply to state the objection urged is not equivalent to stating the testimony.

APPEAL from the District Court of El Paso. Tried below before Hon. C. N. BUCKLER.

Appeal from a conviction for robbery; penalty, five years imprisonment in the penitentiary. After the original opinion reversing and dismissing the appeal was handed down, the following motions were submitted by the Assistant Attorney-General, to wit:

"Now comes the State by Assistant Attorney-General, and moves the court to grant a rehearing hereof and hold up the mandate in this cause to await an effort to perfect the record in this court, by having the in-

dictment and charge of the court substituted in the lower court; and then, by motion for a writ of certiorari, have such papers brought before this court. I have this day written to the district clerk of El Paso County, requesting him to substitute said papers. This cause was submitted during my absence, and I am informed by my representative, W. W. Walling, that letters were addressed to the officials in El Paso and an effort made to perfect this record before submission, but without avail, as information was received that the papers had been lost during Mr. McGowan's term as district attorney.

"It is therefore respectfully asked that the mandate be held up until some definite information can be received from the present district attorney, Hon. John M. Dean, as to whether or not he can or will substitute said lost papers.

"No counsel appears of record for appellant, and it is therefore asked that a copy of this motion be served on appellant Eusebio Saragosa, who is confined in jail at El Paso, Texas.

"MANN TRICE,
"Assistant Attorney-General."

"On June 1, 1898, this cause was reversed and dismissed, because the record did not contain the indictment or charge of the court. On June 16th the State filed a motion to withhold mandate for the purpose of having the charge of the court and the indictment substituted in the lower court (they having been lost), in order that a certiorari might be granted and the record perfected. This motion was granted and the cause transferred to Tyler. It is respectfully submitted that the charge of the court and the indictment have now been substituted in the lower court; and the State, by attorney, moves the court to grant a writ of certiorari directing the district clerk of El Paso County to prepare and forward a perfect transcript of the record herein, and forward same to this court, thus perfecting the record.

"Wherefore the State prays that the court grant the writ of certiorari.
"MANN TRICE,
"Assistant Attorney-General."

There is no statement of facts in the record.

No brief on file for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, and gives notice of appeal.

The judgment was rendered on November 24, 1896. The minutes of the court show that the indictment was presented on November 17th,

seven days before the judgment was rendered. Sentence was pronounced on December 31, 1896. The record was filed in this court on May 6, 1898. The record contains neither the indictment nor the charge of the court, nor is the statement of the facts incorporated in the record. The indictment is absolutely necessary in this State as a predicate for the prosecution of a felony. The record was submitted by the State in this condition, and as presented the judgment must be reversed and the prosecution dismissed. If there was an indictment and it has been lost or mislaid subsequent to the conviction, and if there was a charge delivered by the trial court and it has been lost or mislaid, both should have been substituted, and an application to continue the case in this court applied for pending the action of the trial court in regard to the substitution of said lost or destroyed papers, as provided by article 884 of the Code of Criminal Procedure. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*

HURT, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, and given five years in the penitentiary, and brings his case here on appeal.

Heretofore the judgment in this case was reversed and the prosecution dismissed, because there was not incorporated in the record the indictment and charge of the court. Motion for rehearing was filed by the State, and a continuance of the case asked, in order to substitute said indictment and charge in the lower court. When the substitution occurred the original papers were found. A complete transcript has been prepared, and is now before us.

There are but two bills of exception in the record,—one to the admission of testimony, and the other to the failure of the court to exclude the same testimony upon motion of appellant. By these bills it is shown that Bernal (the alleged assaulted party) and one Duran were returning from Juarez, just across the river from El Paso, into Texas, and after crossing the river to the Texas side, Duran attacked Bernal with a rock and knocked him down, and as he did so, some one sprang from the bushes and also struck Bernal; that from said assaults he became insensible, and his horse and saddle were taken from him while in this condition. This testimony was objected to for the reason that no connection was shown between defendant and Duran, and there was no proper predicate laid to admit it. It will be observed that the bill does not state as a fact that there was no connection between the defendant and Duran, but it is simply stated as a ground of objection. If, as a matter of fact, there was no connection between the parties, this should have been explained and set out in the bill; that is, sufficient of the testimony should have been stated in the bill to show the want of connection between Duran and his confederate in the assault. The

statement of facts is not before us. It may have been overwhelmingly proved upon the trial that Duran and appellant acted together in the commission of the offense, and in pursuance of an agreement. The status of the admitted evidence, as shown by the bill of exceptions, does not exclude this idea; and, as before stated, the testimony may have shown conclusively that the parties acted together, and in pursuance of an agreement to do just what was done. The criticism of the charge as found in the motion for a new trial will not be discussed in the absence of a statement of facts. As the record is before us, the motion for rehearing is granted, and the judgment is affirmed.

*·Motion granted and affirmed.*